## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Palmer, et al.,**
**Plaintiffs Below, Petitioners**

**vs) No. 14-1111** (Monongalia County 12-C-42)

**John Renner, et al.,**
**Defendants Below, Respondent**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners and plaintiffs below, John Palmer, Scott Lepka, Clif Tennant, Dewayne Jarvis, and Robert Hillberry, individually and on behalf of all others similarly situated, by counsel Jaques R. Williams, Alex J. Shook, and Andrew G. Meek, appeal the orders of the Circuit Court of Monongalia County which granted summary judgment in favor of respondents and defendants below, who are supervisory employees at Patriot Coal, LLC ("Patriot") and Eastern Associated Coal, LLC, ("Eastern"). The circuit court found that petitioners' claims were controlled by a collective bargaining agreement and therefore preempted by Section 301 of the Labor Management Relations Act. Respondents John Renner, by counsel Paul Cranston; Randel Coffindaffer, by counsel William A. Kolibash; and Blair McGill by counsel Stephen R. Brooks and Lindsay Saad, each filed a response

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At all relevant times, petitioners were employed by Eastern under a collective bargaining agreement. In their complaint filed January 30, 2012, petitioners alleged that in February of 2010, Respondent Renner was a fire-boss at Patriot's Federal Number 2 mine, and was in charge of performing periodic testing to ensure that excessive levels of methane gas were not accumulating in the mine. Petitioners alleged that Respondent Coffindaffer, the mine foreman, and Respondent McGill, the mine manager, directed Respondent Renner to inaccurately record the methane gas readings, and not to evacuate the mine in an effort to conceal the danger of high methane gas readings. Petitioners also alleged that as a result of the levels of methane found by the Mine Safety and Health Administration, the coal mine was idled for an extended period of time. Petitioners sought to recover economic damages resulting from the wrongful idling of the mine and respondents' misconduct.

1

Patriot and Eastern removed the matter to federal court and the matter was remanded to the Circuit Court of Monongalia County on May 4, 2012. Patriot, Eastern, and Respondents McGill and Coffindaffer filed motions to dismiss the complaint, and argued that because the petitioners' claims include lost wages, they are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Prior to the circuit court ruling on the motions to dismiss, Patriot and Eastern filed for Chapter 11 bankruptcy and an automatic stay was issued on July 11, 2012.

During the time the stay was in place, the circuit court granted the motions to dismiss of McGill, Coffindaffer, Patriot and Eastern on March 22, 2013,[1] as to Count 1 of the complaint.[2] After the stay was lifted, on September 18, 2014, Respondent Renner filed a motion to dismiss. The circuit court granted Respondent Renner's Motion to Dismiss on September 23, 2014. Petitioners appeal the orders entered on March 22, 2013, and September 23, 2014, which dismissed claims against Respondents Coffindaffer, McGill, and Renner pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

Petitioners assert that the circuit court erred in ruling that their rights could not be determined without analyzing the terms of the collective bargaining agreement, and petitioners' claims were preempted by Section 301 of the Labor Management Relations Act. After careful consideration of the record and the parties' arguments, we find that the circuit court did not err in dismissing petitioners' claims.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-56, [78 S.Ct. 99, 2L.Ed.2d 80] (1957)." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Petitioners argue that their claims do not arise under the terms of the collective bargaining agreement, and, therefore, are not subject to the basic grievance procedures required by the collective bargaining agreement. Relying upon our decision in syllabus point four of *Greenfield v. Schimdt Bakery Co. Inc.*, 199 W.Va. 447, 485 S.E.2d 391 (1997), the circuit court held, "[a]n application of state law is preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1947) (1994 ed.), only if such application requires the interpretation of a collective-bargaining agreement." The circuit court found that although petitioners filed claims for negligent breach of duty and intentional acts in breach of duty, the only damages claimed by petitioners were for lost wages due to the idling of the mine for a period of time. As a result, the circuit court found that the issue of whether petitioners should be compensated while the mine was idled must be determined from the rights and duties of the

---

[1]Petitioners do not appeal the order dismissing Patriot and Eastern as defendants.

[2]Petitioners assert that Count 2 of the complaint was dismissed for reasons that are not the subject of this appeal.

2

employees and employer under the collective bargaining agreement. The circuit court concluded that because it would be required to analyze the terms of the collective bargaining agreement in order to resolve the claim for lost wages, the claim should be treated as a § 301 action. We agree and find no reversible error.

The circuit court's order reflects its thorough analysis of the grounds raised in the petition. Having reviewed the opinion orders entered March 22, 2013, and September 23, 2014, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to all the assignments of error raised in this appeal. The clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 16, 2015

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
## DIVISION II

JOHN PALMER, SCOTT LEPKA,
CLIF TENNANT, DeWAYNE JARVIS,
and ROBERT HILLBERRY, individually
and on behalf of all others similarly situated,

       Plaintiffs,

v.

       CASE NO.: 12-C-42
       Judge Russell M. Clawges, Jr.

JOHN RENNER, RANDEL COFFINDAFFER,
BLAIR MCGILL, EASTERN ASSOCIATED
COAL, LLC; and PATRIOT COAL
CORPORATION,

       Defendants,

### ORDER GRANTING DEFENDANT JOHN RENNER'S MOTION TO DISMISS

This matter came before the Court on the 18th day of September 2014, on a Motion to Dismiss filed by Defendant, John Renner on August 25, 2014. The Plaintiffs appeared, not in person, but by counsel, Jacques R. Williams. Defendant John Renner appeared by counsel, Paul R. Cranston. Defendant Randel Coffindaffer appeared by counsel, William A. Kolibash. Defendant Blair McGill appeared by counsel, Stephen R. Brooks. Defendants Eastern Associated Coal, LLC and Patriot Coal Corporation appeared by counsel, Wendy G. Adkins.

The Court heard the arguments of counsel and took the matter under advisement. The Court has studied the motion; the responses; the memoranda of law and exhibits submitted by the parties; considered all papers of record; and reviewed pertinent legal authorities. As a result of these deliberations, the Court is ready to rule.

1

## FACTS and PROCEDURAL HISTORY

Plaintiffs are five employees of Eastern or Patriot. They were employed at the mine under the 2007 Wage Agreement. They filed this case on their own behalf and on behalf of all other persons similarly situated. Defendants John Renner, Randel Coffindaffer, and Blair McGill are former employees of Patriot and/or Eastern.

In Count I of the Complaint, Plaintiffs allege that the Defendants intentionally, willfully, recklessly, and wantonly exposed them and other employees to dangerous levels of methane gas and that this exposure could have caused serious injury or death and economic loss. Plaintiffs claim that John Renner was directed by Randal Coffindaffer and Blair McGill to not accurately record the dangerous methane gas readings and to not evacuate the mine if dangerous levels of methane gas were present. Plaintiffs further contend that on at least nineteen occasions John Renner detected dangerous levels of methane gasses in the mine. Mr. Renner then falsified the readings in the record book and failed to evacuate the mine.

In Count II of the Complaint, Plaintiffs allege that Defendants' conduct of intentionally, willfully, recklessly, and wantonly exposing them and other employees to dangerous levels of methane gas offends the generally accepted standards of decency and morality. Plaintiffs seek damages for intentional infliction of emotional distress.

On May 14, 2012, Eastern and Patriot filed a Motion to Dismiss. They asserted that Plaintiffs' claims should be dismissed because (a) they are pre-empted by Section 301 of the Labor Management Relations Act, (b) Count I does not state a viable claim under West Virginia law, and (c) Count II is barred by the immunity provisions of the West Virginia Workers' Compensation Act.

Thereafter, Defendants, Blair McGill and Randel Coffindaffer also filed Motions to

2

Dismiss. They asserted that the claims against them are preempted by Section 301 and that they are not signatories to the subject collective bargaining agreement.

By Order entered March 22, 2013, the Court Granted Defendants Eastern Associated Coal, LLC, Patriot Coal Corporation, Blair McGill, and Randel Coffindaffer's Motions to Dismiss. Defendant, John Renner now asks the Court to dismiss the claims against him for the same reasons as set forth in that Order.

## DISCUSSION

The standard applied to Rule 12(b)(6) motions is well established. In analyzing a complaint, the Court must accept the allegations as true, and construe the same in the light most favorable to the Plaintiff. "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syllabus, Flowers v. City of Morgantown, 166 W.Va. 92 (1980).

For the reasons and rationale set forth in this Court's Order Granting Defendants' Motions to Dismiss entered March 22, 2013, Defendant John Renner's Motion to Dismiss is also Granted. The Court's analysis, basis, and reasoning from the March 22, 2013, Order are incorporated by reference in this Order.

## ORDER

WHEREFORE, it is ORDERED that Defendant, John Renner's Motion to Dismiss is GRANTED.

It is further ORDERED that this is a final order and the Clerk is directed to remove this case from the active docket of this court.

3

The Court directs the Clerk of the Circuit Court of Monongalia County to distribute certified copies of this order to the parties and/or counsel of record.

Enter _____ September 23, 2014

_____
Russell M. Clawges, Jr., Judge
17th Judicial Circuit, Division II.

ENTERED Sept 23, 2014

DOCKET LINE # 49

_____ CIRCUIT CLERK

4

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA
DIVISION II

JOHN PALMER, SCOTT LEPKA,
CLIF TENNANT, DeWAYNE JARVIS,
and ROBERT HILLBERRY, individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

CASE NO.: 12-C-42
Judge Russell M. Clawges, Jr.

JOHN RENNER, RANDEL COFFINDAFFER,
BLAIR MCGILL, EASTERN ASSOCIATED
COAL, LLC; and PATRIOT COAL
CORPORATION,

Defendants,

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This matter came before the Court on the 19th day of June 2012, on Motions to Dismiss filed by Defendants, Eastern Associated Coal, LLC ("Eastern"), Patriot Coal Corporation ("Patriot"), Blair McGill, and Randel Coffindaffer. The Plaintiffs appeared, not in person, but by counsel, Alex Shook. Defendant John Renner appeared by counsel, Paul Cranston. Defendant Randel Coffindaffer appeared by counsel, William Kolibash. Defendant Blair McGill appeared by counsel, Stephen Brooks and Lindsay Saad. Defendants Eastern and Patriot appeared by counsel, David Laurent and Wendy Adkins.

The Court heard the arguments of counsel and took the matter under advisement. The Court has studied the motions; the responses; the memoranda of law and exhibits submitted by the parties; considered all papers of record; and reviewed pertinent legal authorities. As a result of these deliberations, the Court is ready to rule.

1

## FACTS and PROCEDURAL HISTORY

Plaintiffs are five employees of Eastern or Patriot. They were employed at the mine under the 2007 Wage Agreement. They filed this case on their own behalf and on behalf of all other persons similarly situated. Defendants John Renner, Randel Coffindaffer, and Blair McGill are former employees of Patriot and/or Eastern.

In Count I of the Complaint, Plaintiffs allege that the Defendants intentionally, willfully, recklessly, and wantonly exposed them and other employees to dangerous levels of methane gas and that this exposure could have caused serious injury or death and economic loss. Plaintiffs claim that John Renner was directed by Randal Coffindaffer and Blair McGill to not accurately record the dangerous methane gas readings and to not evacuate the mine if dangerous levels of methane gas was present. Plaintiffs further contend that on at least nineteen occasions John Renner detected dangerous levels of methane gasses in the mine. Mr. Renner then falsified the readings in the record book and failed to evacuate the mine.

In Count II of the Complaint, Plaintiffs allege that Defendants' conduct of intentionally, willfully, recklessly, and wantonly exposing them and other employees to dangerous levels of methane gas offends the generally accepted standards of decency and morality. Plaintiffs seek damages for intentional infliction of emotional distress.

Eastern and Patriot filed a Motion to Dismiss. They assert that Plaintiffs claims should be dismissed because (a) they are pre-empted by Section 301 of the Labor Management Relations Act, (b) Count I does not state a viable claim under West Virginia law, and (c) Count II is barred by the immunity provisions of the West Virginia Workers' Compensation Act.

Defendants, Blair McGill and Randel Coffindaffer also filed Motions to Dismiss. They assert

2

that the claims against them are preempted by Section 301 and that they are not signatories to the subject collective bargaining agreement.

## DISCUSSION

The standard applied to Rule 12(b)(6) motions is well established. In analyzing a complaint, the Court must accept the allegations as true, and construe the same in the light most favorable to the Plaintiff. "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syllabus, Flowers v. City of Morgantown, 166 W.Va. 92 (1980).

### Count I - Defendants' Intentional, Wilful, Reckless, and Wanton Violation of Employee Safety

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. . .may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. 185(a).

The Supreme Court of the United States has stated that the subject matter of § 301(a) is peculiarly one that calls for uniform law. Teamsters v. Lucas Flour Co., 369 U.S. 95 (1962). "The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation. Thus, questions relating to what the parties to a labor

3

agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

"An application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, only if such application requires the interpretation of a collective-bargaining agreement." Syl. Pt. 4, Greenfield v. Schmidt Baking Co., Inc., 199 W.Va. 447 (1997). "A determination of pre-emption under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, requires a fact specific analysis." Syl. Pt. 5, Id.

Plaintiffs insist this is a tort action. They have alleged both a negligent breach of duty and intentional acts in breach of duty. They contend generally that Defendants have a duty to conduct themselves in such a manner as to not injure others, and specifically that a reasonable, prudent coal company has the duty to conduct periodic testing to ensure that excessive levels of methane gas are not accumulating in its mine and to inform its employees if excessive levels of methane gas is detected. Assuming there is such a duty, missing here is any resulting injury from the alleged breach of duty. Fortunately, no serious injury or death occurred as a result of the alleged unsafe conditions.

The only damages mentioned are for lost wages due to the mine being idled for an extended period of time as a result of the Defendants' intentional conduct. These damages sound in contract and indicate the application of the collective bargaining agreement. Whether the Plaintiffs should be compensated while the mine was idled as a result of these unusual circumstances will need to be

4

determined from the rights and duties of the employees and employer under the collective bargaining agreement. Because the Court would need to analyze the terms of the 2007 Wage Agreement to resolve this claim for lost wages, it should be treated as a § 301 claim.

Therefore, Count I of Plaintiffs' Complaint should be dismissed.

## Count II - The Tort of Outrage

Under the West Virginia Workers' Compensation Act, employers and their agents are generally immune from liability for workplace injuries. W.Va..Code §§ 23–4–2(d)(1); 23–2–6; 23–2–6a. "An employer who is otherwise entitled to the immunity provided by W.Va. Code § 23-2-6 may lose that immunity in only one of three ways: (1) by defaulting in payments required by the Workers' Compensation Act or otherwise failing to be in compliance with the Act; (2) by acting with 'deliberate intention' to cause an employee's injury as set forth in W.Va. Code § 23-4-2(d); or (3) in such other circumstances where the Legislature has by statute expressly provided an employee a private remedy outside the workers' compensation system." Syl. Pt. 2, Bias v. Eastern Associated Coal Corp., 220 W.Va. 190 (2006).

"For the purposes of [the Workers' Compensation] chapter, no alleged injury or disease shall be recognized as a compensable injury or disease which was solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits. It is the purpose of this section to clarify that so-called mental-mental claims are not compensable under this chapter." W.Va. Code § 23-4-1f.

5

"W.Va. Code, 23-2-6a extends the employer's immunity from liability set forth in W.Va.Code, 23-2-6 to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." Syl. Pt. 4, Henderson v. Meredith Lumber Co., Inc., 190 W.Va. 292 (1993).

Intentional or reckless infliction of emotional distress is also known as the tort of outrage. Travis v. Alcon Laboratories, Inc., 202 W.Va. 369, 374 (1998). "In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." Syl. Pt. 3, Id.

Plaintiffs emphasis that their claims reference intentional wrongdoing and not negligence. Plaintiffs also insist that they have sufficiently pleaded a claim for deliberate intent under West Virginia Workers' Compensation law. The Court disagrees. Plaintiffs have not set forth factual allegations for each of the five statutory requirements of deliberate intent under West Virginia Code 23-4-2(d)(2)(i) and/or West Virginia Code 23-4-2(d)(2)(ii). Most important, there is no injury. Severe emotional distress alone without a physical injury is not recognized. Plaintiffs have clearly articulated outrageous conduct on the part of the Defendants. However, lacking a compensable injury, Plaintiffs have failed to state a claim for deliberate intent.

Accordingly, based on the foregoing, the Court must GRANT the Motions to Dismiss.

6

## ORDER

WHEREFORE, it is ORDERED that Defendants, Eastern Associated Coal, LLC and Patriot Coal Corporation's Motion to Dismiss is GRANTED.

It is further ORDERED that Defendant, Blair McGill's Motion to Dismiss is GRANTED.

It is further ORDERED that Defendant, Randel Coffindaffer's Motion to Dismiss is GRANTED.

The Court further directs the Clerk of the Circuit Court of Monongalia County to distribute certified copies of this order to the parties and/or counsel of record.

Enter _March 22, 2013_

_Russell M. Clawges, Jr., Judge_
17th Judicial Circuit, Division II.

7